# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
ALTAY KARABAY,

                          Plaintiff,

   -against-

PV HOLDING CORP., AVIS BUDGET GROUP, INC.,
LLOYD E. SWINT and "COMPANY DOE", name
fictitious and unknown to Plaintiff at this time,

                          Defendants.
------------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates KINGS
County as the place of trial.

The basis of venue is:
Plaintiff's residence.
Plaintiff resides at:
1860 Ryder Street
Brooklyn, NY 11234
County of KINGS

To the above-named Defendants:

       You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       June 29, 2020

                                    *Scott Occhiogrosso*
                                  Scott Occhiogrosso, Esq.
                                  BLOCK O'TOOLE & MURPHY
                                  Attorney for Plaintiff
                                  ALTAY KARABAY
                                  One Penn Plaza, Suite 5315
                                  New York, NY 10119
                                  (212) 736-5300
                                  Our File No. 4736

TO:

PV HOLDING CORP.
**VIA SECRETARY OF STATE and at**
6 Sylvan Way
Parsippany, NJ 07054

AVIS BUDGET GROUP, INC.
**VIA SECRETARY OF STATE and at**
6 Sylvan Way
Parsippany, NJ 07054

LLOYD E. SWINT
6194 W Rowland Pl
Littleton, CO 80128

"COMPANY DOE"
C/O LLOYD E. SWINT
6194 W Rowland Pl
Littleton, CO 80128

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
ALTAY KARABAY,

                              Plaintiff,

   -against-

PV HOLDING CORP., AVIS BUDGET GROUP, INC.,
LLOYD E. SWINT and "COMPANY DOE", name
fictitious and unknown to Plaintiff at this time,

                              Defendants.
------------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, ALTAY KARABAY, by his attorneys, BLOCK O'TOOLE & MURPHY, complaining of the Defendants, PV HOLDING CORP., AVIS BUDGET GROUP, INC., LLOYD E. SWINT and "COMPANY DOE", name fictitious and unknown to Plaintiff at this time, respectfully alleges, upon information and belief:

1. At all times herein mentioned, Plaintiff, ALTAY KARABAY was, and still is, a resident of the County of Kings, City and State of New York.

2. At all times herein mentioned, Defendant, PV HOLDING CORP. was a foreign business corporation authorized to conduct business within the State of New York, pursuant to the laws of the State of New York.

3. Defendant, PV HOLDING CORP. does and/or solicits business within the State of New York.

4. Defendant, PV HOLDING CORP. derives substantial revenues from goods used or consumed or services rendered in the State of New York.

5. Defendant, PV HOLDING CORP. derives substantial revenue from interstate or international commerce.

6. Defendant, PV HOLDING CORP. expected or reasonably should have expected its acts and business activities to have consequences within the State of New York.

7. At all times herein mentioned, Defendant, AVIS BUDGET GROUP, INC. was a foreign business corporation authorized to conduct business within the State of New York, pursuant to the laws of the State of New York.

8. Defendant, AVIS BUDGET GROUP, INC. does and/or solicits business within the State of New York.

9. Defendant, AVIS BUDGET GROUP, INC. derives substantial revenues from goods used or consumed or services rendered in the State of New York.

10. Defendant, AVIS BUDGET GROUP, INC. derives substantial revenue from interstate or international commerce.

11. Defendant, AVIS BUDGET GROUP, INC. expected or reasonably should have expected its acts and business activities to have consequences within the State of New York.

12. That on or about the May 14, 2020, and at all times herein mentioned, Defendant, "COMPANY DOE" was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

13. That on or about May 14, 2020, and at all times herein mentioned, Defendant, "COMPANY DOE" was and still is a domestic limited liability corporation, duly organized and existing under and by virtue of the laws of the State of New York.

14. That on or about May 14, 2020, and at all times herein mentioned, Defendant, "COMPANY DOE" was and still is a not-for-profit corporation duly, organized and existing under and by virtue of the laws of the State of New York.

15. That on or about May 14, 2020, and at all times herein mentioned, Defendant,

"COMPANY DOE" was and still is a foreign corporation, duly organized and existing under and by virtue of the laws of the State other than New York.

16. That on or about May 14, 2020, and at all times herein mentioned, Defendant, "COMPANY DOE" was and still is a foreign limited liability corporation, duly organized and existing under and by virtue of the laws of the State other than New York.

17. That on or about May 14, 2020, and at all times herein mentioned, Defendant, "COMPANY DOE" was and still is a not-for-profit corporation duly, organized and existing under and by virtue of the laws of the State other than New York.

18. At all times herein mentioned, Defendant, "COMPANY DOE" was a foreign business corporation authorized to conduct business within the State of New York, pursuant to the laws of the State of New York.

19. Defendant, "COMPANY DOE" does and/or solicits business within the State of New York.

20. Defendant, "COMPANY DOE" derives substantial revenues from goods used or consumed or services rendered in the State of New York.

21. Defendant, "COMPANY DOE" derives substantial revenue from interstate or international commerce.

22. Defendant, "COMPANY DOE" expected or reasonably should have expected its acts and business activities to have consequences within the State of New York.

23. At all times herein mentioned, Defendant, LLOYD E. SWINT was, and still is, a resident of the City of Littleton, State of Colorado.

24. Defendant, LLOYD E. SWINT, at all times hereinafter mentioned, was an agent, servant and/or employee of Defendant, "COMPANY DOE".

25. That on May 14, 2020, and at all times herein mentioned, Defendant, PV HOLDING CORP. was the owner of a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559.

26. On or about May 14, 2020, Defendant, PV HOLDING CORP., was the lessor of a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559.

27. On or about May 14, 2020, Defendant, PV HOLDING CORP., was the lessee of a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559.

28. On or about May 14, 2020, Defendant, LLOYD E. SWINT, rented the 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 from the defendant PV HOLDING CORP.

29. On or about May 14, 2020, defendant, "COMPANY DOE", rented the 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 from the Defendant PV HOLDING CORP.

30. That on May 14, 2020, and at all times herein mentioned, Defendant, AVIS BUDGET GROUP was the owner of a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559.

31. On or about May 14, 2020, Defendant, AVIS BUDGET GROUP, was the lessor of a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559.

32. On or about May 14, 2020, Defendant, AVIS BUDGET GROUP, was the lessee of a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559.

33. On or about May 14, 2020, Defendant, LLOYD E. SWINT, rented the 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 from the defendant AVIS BUDGET GROUP.

34. On or about May 14, 2020, defendant, "COMPANY DOE", rented the 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 from the Defendant AVIS BUDGET GROUP.

35. On or about May 14, 2020, Defendant, AVIS BUDGET GROUP, INC. rented the 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 to Defendant, LLOYD E. SWINT.

36. On or about May 14, 2020, Defendant, LLOYD E. SWINT, rented the 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559.

37. On or about May 14, 2020, Defendant, LLOYD E. SWINT, rented the 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 from the Defendant AVIS BUDGET GROUP, INC.

38. On or about May 14, 2020, Defendant, "COMPANY DOE", rented the 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 from the defendant AVIS BUDGET GROUP, INC.

39. On or about May 14, 2020, Defendant, "COMPANY DOE", paid rental fees for the 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559, rented by the Defendant LLOYD E. SWINT.

40. Defendant, "COMPANY DOE", controlled the activities of its agents, servants and/or employees, specifically the Defendant LLOYD E. SWINT.

41. Defendant, "COMPANY DOE", managed the activities of its agents, servants and/or employees, specifically the Defendant LLOYD E. SWINT.

42. Defendant, "COMPANY DOE", supervised the activities of its agents, servants and/or employees, specifically the Defendant LLOYD E. SWINT.

43. That on May 14, 2020, and at all times herein mentioned, Defendant, LLOYD E. SWINT operated the 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559.

44. On or about May 14, 2020, Defendant, LLOYD E. SWINT, was controlling a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559.

45. On or about May 14, 2020, Defendant, LLOYD E. SWINT, was operating a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 with the knowledge of the defendant owner.

46. On or about May 14, 2020, Defendant, LLOYD E. SWINT, was operating a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 with the permission of the defendant owner.

47. On or about May 14, 2020, Defendant, LLOYD E. SWINT, was operating a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 with the express consent of the defendant owner.

48. On or about May 14, 2020, Defendant, LLOYD E. SWINT, was operating a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 with the implied consent of the defendant owner.

49. On or about May 14, 2020, defendant, LLOYD E. SWINT, was operating a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 on Atlantic Avenue entrance ramp to 278I Westbound Brooklyn Queens Expressway in the County of Kings, City and State of New York.

50. On or about May 14, 2020, defendant, LLOYD E. SWINT, was operating a 2020 Chevrolet motor vehicle bearing Georgia State registration number RMP3559 within the scope of

his employment.

51. At all times herein mentioned, Plaintiff, ALTAY KARABAY was the operator of his 2005 Mercury motor vehicle bearing New York State registration number HUW5477.

52. At all times herein mentioned, Atlantic Avenue entrance ramp to 278I Westbound Brooklyn Queens Expressway in the County of Kings, City and State of New York, were public roadways, streets and/or thoroughfares.

53. That on May 14, 2020, at the aforementioned location, the Defendants' motor vehicle collided with the Plaintiff's motor vehicle.

54. That as a result of the aforesaid contact, Plaintiff, ALTAY KARABAY was severely and permanently injured.

55. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

56. That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

57. That by reason of the foregoing, Plaintiff, ALTAY KARABAY sustained severe and permanent personal injuries; and Plaintiff, ALTAY KARABAY was otherwise damaged.

58. That by reason of the foregoing, Plaintiff's aforesaid motor vehicle was severely damaged and deemed beyond repair.

59. That Plaintiff, ALTAY KARABAY sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

60. That Plaintiff, ALTAY KARABAY, sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

61. That this action falls within one or more of the exceptions set forth in CPLR §1602.

62. That by reason of the foregoing, Plaintiff, ALTAY KARABAY has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, ALTAY KARABAY demands judgment against the Defendants, PV HOLDING CORP., AVIS BUDGET GROUP, LLOYD E. SWINT and "COMPANY DOE" in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
       June 29, 2020

                Yours, etc.,

                *Scott Occhiogrosso*
                Scott Occhiogrosso, Esq.
                BLOCK O'TOOLE & MURPHY
                Attorneys for Plaintiff
                ALTAY KARABAY
                One Penn Plaza, Suite 5315
                New York, NY 10119
                (212) 736-5300
                Our File No. 4736

## ATTORNEY'S VERIFICATION

**Scott Occhiogrosso**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at **BLOCK O'TOOLE & MURPHY, LLP**, attorneys of record for Plaintiff, **Altay Karabay**, in the action within. I have read the annexed **SUMMONS AND COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that the Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:    New York, New York
          June 29, 2020

*Scott Occhiogrosso*
**Scott Occhiogrosso**